We'll move on to the next case for argument today, United States v. Dill, Appeal No. 21-2672. We'll hear first from Mr. Tolliver on behalf of Mr. Dill. Good morning, Your Honors. May it please the Court. You may want to take off the mask if you're comfortable doing so. I am just trying to preserve my voice at all costs. You've got two arguments. May it please the Court. My name is Terry Tolliver, and I am here today representing Mr. Dill. We're here today because the Court issued an order on resentencing for Mr. Dill on count three, but specifically stated that... Mr. Tolliver, can I... there's one thing that I don't understand. I just want to make sure I'm close. Did the Court have any obligation at all to resentence Mr. Dill on count one at any time? The Court did not have an obligation, although the order allowed Mr. Dill to make any appropriate challenge under Delatour. And based upon that, that is how Mr. Dill was prepared to proceed with resentencing, Your Honor. But if she would have said at sentencing, at resentencing, when I don't know if it was you or his trial counsel asked for resentencing on count one, if she would have said, no, we're only here on count three, would you have had anything to appeal? Your Honor, we would probably still be here based upon the argument that we presented under Ruth. Yeah, but that's it, right? Correct. Because it seems like this seems weird procedurally to me that it seems like what the district judge said is, okay, well, since you're here and you're prepared to re-argue count one, I'll consider it and in fact reduce his sentence on count one. And now you're here saying she didn't do it well enough when she didn't even need to do it. Your Honor, I think it's more of the court offered to allow him to make the argument and then didn't really allow him to proceed that way. And perhaps you're right. If the court would have taken a position one way or the other that we're here to re-argue everything or we're here to re-argue nothing other than this, the parameters would have been clear. The reason why we're here today is because we're really in this middle ground where you're allowed to argue whether he is still a career offender, but he wasn't given a full opportunity to do so. In what respect? I mean, he made the argument. He actually won the argument. What process was denied him here with respect to count one? Your Honor, the argument that the court set forth was that Judge Pratt did not believe that she could order a sentence below what she had originally anticipated. Mr. Dill was prepared to argue why he was no longer a career offender and perhaps a lower sentence would have applied than what his guidelines suggested. And that's the harm here is that he wasn't allowed to present that argument. Where does the judge cut you off? Where does the judge cut us off? Yeah. I'm looking. I haven't seen it yet, but maybe I missed it, that she prevented you from making arguments on behalf of Mr. Dill at the resentencing. Well, Judge Pratt continued to state that I don't think we can get there based upon her understanding of Ruth. Yeah, that's a rejection of an argument on the merits. I don't see a denial of a fair opportunity to be heard. Mr. Dill was never allowed to present that argument, Your Honor. Did he try? Where do we see this in the transcript? When we go through the transcript, there were different opportunities where he had attempted to make those arguments. Is there anything specifically in pages 44 to 47 where you believe there was a cutoff or a preclusion of offering an argument? 44 to 47, Your Honor. And this seems to be the heart of it where Ruth is raised. The judge gives the putative sentence as sufficient but not greater than necessary. There's argument with regard to count one, deletora, the reference to what the defense would argue, a reminder to ensure that the guidelines have been consulted, clarification off the record with the probation officer, and then a repeat of the guideline range followed at the end by the judge confirming with both counsel and the defendant everyone's understanding. That's where it's a challenge to see where the argument comes from that the defendant was cut off here. Well, so it's two things. There's no reason to believe that the judge wasn't aware of Mr. Dill's argument based upon the briefing that was presented. So certainly he was allowed to make that argument as part of his sentencing memorandum. But when we look at the way the hearing was conducted, when Mr. Dill was prepared to present arguments, to the extent he was cut off, it was when the judge said, I don't think we can get there, and that pretty much shut down his argument there. We believe that that was an error by not allowing him at least the time. Was that wrong on the merits or a denial of an opportunity to be heard? Frankly, the kind of dialogue that we're talking about here between judge and counsel happens all the time, and a judge will push back and say I'm not persuaded? I think when we look at the hearing as a whole, there was a portion of the hearing where the judge asked if Mr. Dill wanted to raise, or wanted to take a brief recess so he could look at a possible 2255. And that was requested, and I believe it was only a few minutes later, and then we're right back into sentencing. So I think what the bigger issue here with how that was handled is that Mr. Dill was given an opportunity to determine whether 2255 was an appropriate mechanism for him to get his sentencing argument out there, but then it was, again, it was taken away, and that's really the issue here. So let me try it one more time, and that is can you point us to a place in the transcript that the judge erred, made this procedural error? Your Honor, when we start on page 27 of the sentencing transcript. I'm sorry, yes. Essay 17, as far as the brief. Lines 2 and Mr. Tolliver, you've seen the order that we're supposed to be here for re-sentencing on count 3. Only how can I consider, I guess count 1 is the count you're asking me to reconsider. When we go down 16, this ruling, however, does not preclude Mr. Dill from presenting any appropriate challenge to his re-sentencing argument. We go to the next page. This is where the conversation about the 2255 occurs. I think when we look at it, it just was a, the hearing was a little different than what I think we're all accustomed to. We go in believing that we're here to argue one thing, and then the court has a different interpretation, and that's really where Mr. Dill was harmed, is that he's prepared to argue why he is no longer a current offender, which would have resulted in a lower guideline. Okay, and the basis for that argument is Ruth? Well, and then... Or why Ruth is wrong? And that's a second part of the argument. I understand that, okay. But he was unable to argue that Ruth was wrong? Correct. The court believed that Ruth controlled, which it... Okay. Okay, thank you. If you want to save the rest of your time for rebuttal, Mr. Toliver. I will do so. Thank you. All right, thank you. Mr. Reitz for the government. May it please the court, Brian Reitz for the United States. The court gave Mr. Dill a fair opportunity to comment on his sentencing and then gave fair consideration to his arguments to the extent that the judge even accepted Mr. Dill's arguments. I want to point to two points in the transcript to respond to the court's questions. The court asked Mr. Dill where he was prevented from making any argument. He cited points in the transcript prior to the judge changing her mind and expanding the scope of the argument. So we think that really anything before the judge's decision at transcript page 34-35 is just the typical dialogue and before the judge had acceded to Mr. Dill's request to expand the scope of the argument. The second one, even if that's not right, on page 44 of the transcript, the judge asked both parties if there was any reason the sentence shouldn't be imposed as stated. That was Mr. Dill's final opportunity, last opportunity to step in and say something went wrong. The fact that he did not, I think, underscores that he had every opportunity to comment on his sentence. If the court has no further questions. Could I just briefly make, I want to make sure I understand what the Ruth argument would be here. Is it about cocaine? Is it about methamphetamine? Is it about? I think it's about meth. That argument really could only be to preserve an argument to take it to this court to reverse, and certainly Mr. Dill has preserved that argument. So the court really had nothing to do beyond saying, you know, we take that and you erase that here. Thank you. Okay. Thank you very much, Mr. Wright. Thank you. Any rebuttal, Mr. Tolliver? I'm ready, Your Honor. Your Honor, as we briefly, as we left off, we asked that this court reconsider the decision on Ruth and the reason for that is that we're just asking that the court make a determination as to what constitutes a controlled substance. We believe that it's a term of art, and we've outlined this in the brief, but three circuits explicitly look to the Controlled Substances Act to determine if a prior state drug conviction is a controlled substance offense, and that's in the second, fifth, and the ninth. Two other circuits have implied that they agree with this approach in the first and the third. So what's the gap that you're relying on between federal and state law here? Well, here in this circuit, Your Honor, the court has taken the position that a controlled substance has its usual ordinary need. Yeah, I know. I understand that, but I thought you were arguing there is a lack of overlap between Indiana's controlled substance statutes and the federal statute. Under De La Torre, based upon the meth case, we do not believe that. So this is about isomers of meth. Correct, Your Honor. The theoretical possibility that he might have, that he or somebody else might be convicted of these rare isomers of meth. And based upon that, he would not be considered a career offender, which would have resulted in no enhancement. And that's the reason why we're asking that the court reconsider that. Okay. And I just noticed that my time is running out. Thank you, Mr. Tolliver. Thank you, Mr. Reitz.